Are you Mr. Casalo? No, you're not Mr. Casalo. Mr. Casalo, you are Mr. Schultz. Yes. Mr. Casalo. Mario Casalo for the appellant. Yes, please. May it please the court, my name is Mario Casalo and I represent the plaintiff appellant Mario Loja in this appeal. I am to reserve three minutes for rebuttal. Your Honors, this case stems from the dismissal of a complaint filed under the provisions of the Fair Debt Collection Practices Act. Specifically, the complaint was filed as a result of the defendants attempting to collect a debt from plaintiff via the filing of a state court collection complaint, as well as through telephonic contacts where the defendants, specifically Schindler, called the plaintiff and asked him to pay money. Is that enough at the motion to dismiss stage that the debt relates to a credit card and the collection efforts were addressed to a person, not a business, or is more required? I'm sorry, Your Honor, can you repeat that? I missed the first part. Yeah, is it enough at the motion to dismiss stage that the debt relates to a credit card and the collection efforts were addressed to a person, not a business, or is there more that... I think it certainly makes it plausible that since the debt was based upon a personal credit card, that the debt was incurred for personal, family, or household purposes. And I think this was supported by the case of Brown cited in Appellant's brief. That, coupled with the fact that both defendants are debt collectors, that they regularly collect defaulted consumer debts. And again, this isn't in the record because this wasn't a basis for the dismissal of the complaint. But since defendants regularly collect defaulted consumer debts, it's certainly plausible that this is one of the defaulted consumer debts that were collected by the defendants. Right. I mean, it's an odd problem under the statute that the district judge seemed to be struggling with. Because one of the purposes of the statute was to address the problem of debt collectors addressing their efforts to the wrong person. You know, it's just not my debt. And lots of people can think of examples of that happening to either themselves or someone they knew. And so you've pointed out on other aspects that the statute in different places refers to alleged debts and alleged obligations and so forth. And so a person who's alleged to be that. And so I guess when they came back on the other side saying, ah, but it needs to be consumer debt, essentially. It's a longer phrase, but consumer debt. The best someone can do if there is no debt to begin with. I mean, they can't say the debt that I never had is anything really. You know, the Target run I never made or, you know, the Costco run for my business or whatever. So the pleading standard has to somehow encompass this negation scenario. So what do you think someone needs to do? Is it your position you don't need to plead consumer nature at all? Or do you think it's enough to say they proceeded against me and I allege that it was, you know, that it was apparently for an alleged consumer debt that I don't have? I mean, how many times do you say the word alleged in the complaint? Well, I think it's enough to plead facts that make it plausible. Again, the standard is, under Echabal-Twan, believe that it's plausible that this is a consumer debt. The fact that, you know, defendants file, regularly file lawsuits to collect consumer debts, according to a case in this district, is enough. The fact that if you go to Schindler's website, defendant Schindler that filed a complaint on behalf of Main Street, the first thing you see is we are a debt collector attempting to collect a debt. So Schindler's position that it's implausible that this is a debt certainly is refuted by their own position on their website. Would you have needed to amend your complaint to tie that point off at all? No, Your Honor. I think it would have been nonsensical because the district court's decision was not based on that at all. It was based on the district court's position that because the debt was not owed, there cannot be a statutory consumer, there cannot be a statutory debt. So since that wasn't- So your feeling is here, those were the two grounds, and at a minimum you should have another shot in the district court if those grounds are wrong. Sure. That's a hypothetical. If that was the basis, then we certainly could have amended at that time to assert more facts, if that was a defect found. But that's not how the district court ruled. The district court ruled that it was dispositive that plaintiff denies owing the debt. And because of that, we couldn't amend to fix that defect in good faith because we've already taken the position that he doesn't owe it. Yeah, I don't know what amendment he was thinking of, actually. You probably didn't either. So here we are. Okay. So if we reverse the dismissal, should we reach this consumer thing, or should we just say these two grounds fail to address the language of the statute and let the chips fall where they may later? Well, I think the district court was clear, even the district court noted, that discovery will bear out whether or not it's a consumer debt. He did say that. Yeah, obviously it would be a different district court judge should there be any remand. And the district court also stated that it thinks that it probably is. It supposes that there's a high probability that it is a consumer debt. So these weren't issues reached at all. They were actually discounted. In fact, at the first hearing, the district court told the defendant to take a hard look at their motion. And their motion then makes the same arguments as their motion now. But the court completely discounted it, told plaintiff not to respond, and then ultimately dismissed on wholly different grounds. Okay. Well, if you'd like to save rebuttal time, you can do that, and we'll hear from Mr. Schultz. Yes, Your Honor. All right. Mr. Schultz. May it please the Court. This case presents a fairly straightforward pleading issue. We based our brief and judge – affirmance of Judge Schader's ruling on Tromley, Iqbal, multiple sons. On the actual basis of Judge Schader's decision, which is that Loesch is not a consumer under the statute because he does not owe any debt, do you agree with what he found? I believe what he found is he clearly found, and said so in the rules should reconsider, the pleading did not establish the elements. And what we've talked about is the elements. No, but he said – he's more precise than that. He says because Mr. Loesch – I don't know whether it's Loesch or Aloha, Mario Aloha maybe. Because he doesn't owe anything, he's not under the statute. He's not a consumer under the statute. And so the first question is do you think that's a correct reading of the statute? We are based on our argument on the failure to allege a consumer debt. You're not answering my question. So you disavow Judge Schader's notion that somebody who is just the wrong person, so in all honesty, stands up and says the debt collector is going after me and it's not my debt. No, the act talks about it could be an alleged debtor or a debtor. All right, so Judge Schader was mistaken to think that a person who says it's not my debt is outside the scope of the statute. But we're talking about a different element. No, we're working our way through the elements. So we've decided that the first point that Judge Schader made was mistaken under the language of the statute because he's at least alleged to have had a debt. The second thing is, you know, is it a debt? That's the main issue that we're raising here. Is it a consumer debt? I want you to explain to me how – I'll give an example. My name is Diane Wood. There's another Diane Wood who's a secretary in the Eastern District of Virginia. I get her emails, unfortunately, occasionally. What if she's a deadbeat and she buys a car and never pays for it, you know, and it all goes into collection and somebody comes after me and I say, I never bought a car. I, you know, I'm the wrong person. How do I plead that? How do I – since I don't know her, I've never seen her accounts, I don't have any idea that she even exists in the world. I'm just giving her as an example since I do know there is another person. How does a person who's the wrong person make a representation about a debt they've never heard of, never seen, don't know what it was for, or is this just something somebody can't do in your view? This is outside the statute, so you always lose on the consumer debt prong. I've never said that. What I've said – we've argued in this briefing, taken a position that Judge Shader understood all along, is that Tromley, Iqbal say if there's elements, you have to plead factual support for the elements. You don't have to plead elements. This Court has made this clear time and again. You know that pleading is for notice, although you have to plead enough facts to put the defendant on notice and to make a plausible claim. But I want you to tell me, dictate the complaint that meets the criteria  Yes, Your Honor. There's 12,000 FERTA cases filed a year in federal court. Now there's also state court options. We're talking about getting to federal court. What has to be required? To answer your question, what has to be in? You have to plead that you're a consumer, that the defendant's a debt collector, that it's a consumer debt. The debt was her personal, family, household purpose. You say, I didn't have a debt at all. So how do you know that the money that this debt collector is coming after you for was for consumer purposes as opposed to somebody's little, you know, side front restaurant? The key to getting to federal court is establishing sufficient facts on each of the elements. So there's no claim. If you're the wrong person, you can never, in all honesty, without violating Rule 11. No, because there's going to be so many. How would you know it's a consumer debt when it's not your debt? Because there's so many circumstances that would come up. This is a very rare circumstance in which there was no information about the debt. But how would you know about somebody else's debt? It happens all the time, Your Honor. We deal with this issue all the time at the trial court level. And there's information that's disclosed during the collection process that would indicate the nature of the debt. So I see. Oh, Judge Rovner incurred a debt. And so I'm going to assume that it's a consumer debt? That's guess. That's speculation. That's guess. That's right. How can I do more than that? And Iqbal says you can't just make that assumption. You have to meet the elements that are required to be pledged to get into this courthouse. How so does somebody else's debt? Because what happens in the collection process is information about the debt. For instance, if it was medical debt, it's almost surely going to be a personal debt. However, it could also be, for all we know, this credit card was used to pay for a parking ticket debt. We don't know. It's possible. I'm not happy with these answers. You know, the district court's decision conflicts with the Eighth Circuit's decision in Dunham. No. Has any other circuit interpreted the language in the manner that the district court did here to exclude persons who were mistakenly believed to owe money? Can you think of any other case? The Dunham case, the Eighth Circuit case, did not have to do with consumer debt. That was not the question before the court. It had nothing to do with consumer debt. There was no dispute in regards to that. There often is not dispute in regards to that. We have cited a series of cases. Bouchada from the Fourth Circuit. Burton. Most of these are trial court levels. Burton. Hall. Middleton. Edwards. So I don't see how, if it's not your debt, all you can do is put a paragraph in the complaint that violates Rule 11 because you have no knowledge and you say this wasn't a consumer, you know. First of all, you can. Was or wasn't. You know, this was a, the debt of somebody else who I've never heard of that they're trying to collect was a consumer debt. And you don't know that. First of all, you can go to state court. You don't necessarily get to go to federal court. I don't care about state court or federal court. How are you going to assert this claim when you don't know? Because what I'm telling you is. Some stranger who lives in California is going to tell you the nature of the debt they had? You know very well that there are many fair debt cases filed. Many times. And there's many up here. And it's the first one that's up here under these circumstances because it's fairly rare. Most of the time in the collection process, the nature of the debt is disclosed. Yes. Those people perhaps do have the burden. And you know that. But when Judge Shader moved. I want to tell you that the district court itself recognized that its decision conflicted with the Dunham case. Yes, it did say that. So. But it doesn't. It has to do with a different issue altogether. There was not. It wasn't even a little. So Judge Shader was wrong there. No, I don't think Judge Shader was wrong in his determination that under the Supreme Court law on what had to be pled. You can't get to the beyond the motion practice if all you have is something that's possible or speculative. And that's all that we have right here. And it's maybe different. It's unusual. But they have to plead something more than that. And that's all he did. He got the ruling right based on the Supreme Court law and the Seventh Circuit law. And when he was talking about discovery, if you read the next paragraph, he said, but we're not there at discovery. We're at the pleading. And you have to get through the pleading requirements. This is a rare circumstance. Most of the time you will know what the nature of the debt is. But just because it's rare doesn't mean you ignore the rules. The rules have been established that are binding on the courts of this court. You are the wrong person and never plead a federal claim for the Fair Debt Collection Practices Act because they will never know. That's not true. Yes, it is true. That's not true. Many, many times you're going to know all about the nature of the debt in the collection process. You're the wrong person. Yes, because the letter's going to talk about it or the lawsuit's going to talk about it or there are going to be discussions about it. That is what happens in reality of the lawsuits that are filed in this courthouse. Of the 2,000 or 3,000 that are filed under this law, that's what happens. It's rare when there's a circumstance when you don't. It doesn't mean that you're going to ignore the rules of pleading, though. You're going to ignore the rules of pleading and say, well, we're going to bring it in anyhow just because it's a fair debt case. We're going to bring it in now. He won in state court. It doesn't mean he automatically goes to run the federal court and files a lawsuit. That's not what the rules are. He won in state court. That doesn't mean now you get to come over here and file a fair debt claim. He has other claims. He could have proceeded in state court. He had Rule 137 in state court. He had malicious prosecution. He had consumer fraud. He had the ICA. Lots of claims that could have been brought. It doesn't mean you get here, though. And all we're saying is Judge Shager can be affirmed for any grounds. Obviously, we're here in the Seventh Circuit. And for any reason, that was correct. And that was correct when he said multiple times the elements are not here. We're not getting to the other claims because you don't have the elements. And that was one of the elements he did not have and they don't have. And nobody in this courthouse, nobody can say that I know this is consumer debt or this is plausible that it was consumer debt. What they can say is this is possible it's consumer debt. And Iqbal was very clear, and this Court has been very clear, Jarros and other cases, possible is not it. Possible is not it. You're not going to create a special law for pleading under Rule 8 just because it's a fair debt case. That's our position. Thank you. I see my time is up. We request that the judge be affirmed. All right. Thank you. Anything further? Mr. Cassallo. Yes, Your Honor. Defense counsel has repeatedly said that this is a weird circumstance. We disagree that it's weird. This does happen all the time. However, it's very important. How do people get around the pleading problem then if it happens all the time? Well, as the District Court found, this wasn't a pleading problem at all. This was a problem because Mr. Loja didn't owe the debt. And the Court could not have been clearer that because he didn't owe the debt, there was no debt. Because he didn't owe the debt, he couldn't be a consumer. That was the basis of his ruling. If we're going to entertain the hypothetical, the issue is that defendant would want to exist that really don't exist, that were not a basis for the Court's ruling, we easily could have amended if that was the situation. If the District Court found and it did not find any issue with how the debt was defined as a consumer debt, if it had done so, then we could have amended. We could have asserted facts to show that 90% of the debts that Schindler and Main Street collect are consumer debts. Certainly, that would support the plausibility of this being a consumer debt as well. Again, self-identification on the website. Anyone going to the website would see that Schindler states this is a debt and we are a debt collector. Again, that as well would support plausibility. Moreover, the fact that Mr. Loja was sued individually, not in any sort of business capacity, also supports the plausibility that this is a consumer debt. What's being conflated here is the standard on summary judgment and the standard at pleading. Mr. Schultz referred to two cases, Burton and Busada, to support that courts have ruled in favor of defendants under substantially similar circumstances. Those were not similar circumstances because those cases were decided on summary judgment. At that point, discovery was had and it was time to prove that the debt was a consumer debt. That's not where we're at. We're at the plausibility stage. Our burden is much lower than that in Burton and Busada. In fact, those cases support our claim because the plaintiff was allowed to go forward to attempt to prove that the debt was a consumer debt. So for these reasons, Your Honor, we feel that the court got it wrong. The defendant has completely recast issues to what the defendant wants issues to be. But the real issue is, does one have to be obligated for a statutory consumer to exist or a statutory debt to exist? And the answer is no. And that's why both sections 1692A3 and 1692A5, which deal with the definitions of a consumer and debt, don't require a debt, don't require someone to be obligated. The word alleged is contained in each definition. 1692A3 defines consumer as any natural person obligated or allegedly obligated. It can't be argued that Mr. Aloha wasn't allegedly obligated. They sued him. They went to trial and they lost. They called him up and they said, you owe money. Do you want to pay it? Similarly, 1692A5, which defines debt, means any obligation or alleged obligation of a consumer. For the same reason, Mr. Aloha was alleged to be obligated because they sued him and they called him and they said, you owe this money. Do you want to pay it? All right. So I think we have your point. So thank you very much. Thank you, Your Honors. Thank you. For these reasons, we ask that the district court opinion be reversed and remanded. Thank you. All right. Thank you. Thanks to both counsel. We'll take the case under advisement.